IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533080 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv281 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Anthony Ray Dailey filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on June 12, 2007. Following denial of his motion and the subsequent appeal, on October 15, 2010, the assigned Magistrate Judge issued a Report and Recommendation recommending denial of Petitioner's post-judgment and post-appeal Motion Challenging the Integrity of the Proceeding in District Court Pursuant to Fed. R. Civ. P. 60(b)(4), (5) and (6), Motion to Refer Case, construed as a motion for recusal, and several associated motions. On November 8, 2010, the Court adopted the Report and Recommendation and denied all of Petitioner's motions either on the merits or as moot. At virtually the same time, Petitioner filed objections (docket entry #106) and a Motion for Reconsideration Pursuant to Rule 60(d)(3) (docket entry #107), both referring to the Report and Recommendation. The Court accordingly construes them as pertaining to the Order Adopting the Report and Recommendation. Additionally, Petitioner has filed a "Notice of Writ of Prohibition" (docket entry #108), which the Court construes as a petition or motion for such a writ. For the reasons stated herein, the Motion for Reconsideration is denied, the objections raised concurrently are overruled, and the Petition for Writ of Prohibition is also denied.

1

**I.      Objections**

Petitioner objects that the Court's ruling, based on the Report and Recommendation, incorrectly concludes he did not raise his Rule 60(b) motion in a reasonable time. He asserts that only Rules 60(b)(1)-(3) are governed by a one-year limitations period and that his motion was pursuant to Rules 60(b)(4)-(6), which he claims are not subject to a time limitation. He is incorrect. Under Rule 60(c)(1), even those grounds must be raised within a "reasonable time," as the Magistrate Judge pointed out. Petitioner ignores this requirement, and the considerable authorities giving it effect.

He did not raise his Rule 60(b) motion for two years after his original judgment in this Court and a year after denial of his appeal before the Fifth Circuit. That is not reasonable. *Scheanette v. Quarterman*, 309 Fed. Appc. 870, 872 n.2 (5th Cir. 2009) (*per curiam*); *see also Hayden v. Quarterman*, 2010 WL 272006, at *4 (N. D. Tex. Jan. 21, 2010) (Rule 60(b) motion not reasonably timely when filed after a two year delay and claims were known to the petitioner, citing *Earl v. Johnson*, 51 F.3d 1043, 1005 WL 153083, at *1 (5th Cir 1995); *Scheanette*, *supra*, 309 Fed. Appx. at 873 n.2; *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992); *Bilbrey v. Quarterman*, 2006 WL 1982489, at *2 (N.D. Tex. July 11, 2006)). Instead of raising any new arguments in his objections, he restates a litany of claims that is nothing more than a recitation of the same issues he has raised time and again to this Court and to the Fifth Circuit, to no avail.

Petitioner also objects to the Court's denial of his motion to recuse, asserting primarily that either the Magistrate Judge, or the undersigned District Judge, or both, demonstrated "a high degree of favoritism for the gov[ernment]" in their rulings in his case. He uses this contention as a springboard to again recite his list of repeated claims. As the Court has held, however, prior adverse

2

judicial rulings alone do not support an allegation of bias under 28 U.S.C. § 455 or 144. *Maldonado*, 108 Fed. Appx. at 222 (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999), *reh'g and reh'g en banc denied*, 189 F.3d 471 (5th Cir. 1999), *and cert. denied*, 528 U.S. 1116, 120 S. Ct. 934, 145 L. Ed. 2d 813 (2000)); *see also In re Corrugated Container Antitrust Litigation*, 752 F.2d 137, 145 (5th Cir.), *reh'g denied,* 758 F.2d 651 (5th Cir.), *and cert. denied*, 473 U.S. 911, 105 S. Ct. 3536, 87 L. Ed. 2d 660 (1985). Petitioner has not raised any issue of bias stemming from an extrajudicial source and resulting in an opinion on some basis other than what has been learned in his case. *Crawford v. United States Dept. of Homeland Sec.*, 245 Fed. Appx. 369, 383 (5th Cir. 2007) (*per curiam*).

For these reasons, Petitioner's objections are overruled.

## II.     Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(d)(3)

Having already and unsuccessfully moved for reconsideration under Rule 60(b), Petitioner now moves for reconsideration, for the first time, pursuant to Rule 60(d)(3), to "set aside a judgment for fraud on the court." He clearly seeks to avoid the one-year limitation placed on Rule 60(b)(3), which also guards against fraud. However, this motion, like his previous motions, is unavailing.

"Rule 60(d)(3) functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Jackson v. Thaler*, 348 Fed. Appx. 29, 34 (5th Cir. 2009) (*per curiam*). Lacking such a time bar, the standard for "fraud on the court" is therefore demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Id*. (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.), *reh'g denied*, 578 F.2d 871 (5th Cir. 1978)). Relief under Rule 60(d)(3) "is reserved for only the most egregious

3

misconduct, and requires a showing of 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Blumberg v. NSSI Liquidating Trust*, 2009 WL 2998516, at *4 (N.D. Tex. Sept. 16, 2009) (quoting *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.) (*per curiam*), *cert. denied*, *Wilson v. Armstrong World Indus., Inc.*, 493 U.S. 977, 110 S. Ct. 504, 107 L. Ed. 2d 506 (1989)). Less severe misconduct falls within the scope of fraud under Rule 60(b)(3). *Id*.

Here, Petitioner complains of improprieties during: his initial appearance; his suppression hearing; his trial; the pendency of his 28 U.S.C. § 2255 motion; and, the determination of his motion for reconsideration under Rule 60(b). All of these complaints reflect the same exact issues, once again, that Petitioner has raised before this Court and the Fifth Circuit and which each Court has found insufficient. The Fifth Circuit actually recounted each and every one of Petitioner's grounds in its Judgment Issued as Mandate in USCA Case no. 08-41143 (5th Cir. Oct. 5, 2009), after which it ruled that none, including his claims of fraud, satisfied the requirements for a certificate of appealability. Here, none of his claims rises to the level of fraud required for relief under Rule 60(d)(3). Therefore, Petitioner's Motion for Reconsideration Pursuant to Rule 60(d)(3) is denied.

### III. Petition for Writ of Prohibition

Finally, Petitioner has filed a "Notice of Writ of Prohibition," which the Court construes as a petition for such writ. "The Writs of Mandamus and Prohibition are granted sparingly." *Hicks v. United States*, 2010 WL 3825394, at *2 (5th Cir. Sept. 30, 2010) (*per curiam*) (quoting *In re Estelle*, 516 F.2d 480, 483 (5th Cir.), *reh'g denied*, 521 F.2d 814 (5th Cir. 1975) *and cert. denied*, 426 U.S. 925, 96 S. Ct. 2637, 49 L. Ed. 2d 380 (1976)). The writs, available under the All-Writs Act, 28 U.S.C. § 1651(a), are reserved for extraordinary causes and are issued only when the right to relief

4

is clear and indisputable. *Hicks*, 2010 WL 3825394, at *2. The writs are "supervisory in nature and are used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965). The Writ of Prohibition is "traditionally used by appellate courts to exert their revisory powers over inferior courts, but is not an appropriate remedy to control the jurisdiction of other, nonsubordinate courts." *Gevedon v. Attorney General*, 2003 WL 21295032, at *1 (N.D. Tex. May 30, 2003) (internal quotations and citations omitted). Here, Petitioner has filed his Petition for Writ of Prohibition in this Court. In the first place, he has not shown any "clear and indisputable" right to relief. To the contrary, his continued, repetitive attempts to obtain relief have failed at every avenue, all on the same grounds asserted herein. In the second place, this Court is not "subordinate" to itself. His petition is inappropriately filed. On both grounds, it will be denied.

It is accordingly

**ORDERED** that Petitioner's objections (docket entry #106) to the Report and Recommendation and this Court's Order Adopting it are hereby **OVERRULED**. It is further

**ORDERED** that Petitioner's Motion for Reconsideration Pursuant to Rule 60(d)(3) (docket entry #107) is hereby **DENIED**. It is finally

**ORDERED** that Petitioner's Notice of Writ of Prohibition, construed as a Petition for Writ of Prohibition (docket entry #108), is hereby **DENIED**.

**SIGNED this 10th day of November, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE