IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533080 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv281 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration, Petitioner Anthony Ray Dailey's "Motion to Invoke and Effectuate Crime Victim's Rights Pursuant to 18 U.S.C.A. [§] 3771" (docket entry #117). He filed his original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on June 12, 2007. Following denial of his motion and the subsequent appeal, on October 15, 2010, Petitioner again returned to submit numerous motions of various types to this Court, all aimed at obtaining relief from the Court's original judgment denying his § 2255 motion. Each has been denied. The instant motion is his most recent attempt to find some way around this Court's denial of his federal habeas motion and the United States Court of Appeals for the Fifth Circuit's ruling that he failed to make the showing required for a certificate of appealability in that Court.

Title 18 U.S.C. § 3771 was enacted to afford certain rights and benefits to crime victims. In another lengthy motion in which Petitioner raises the full gamut of all of his previous claims in this matter, he contends that he is the victim of criminal misconduct based solely on his own interpretation and argument. He would cast himself as the victim of a crime "due to evidence of criminal misconduct committed against him by the Govt. in the coarse [*sic*] of the judicial proceedings and criminal investigation pursuant to [18 U.S.C.A. § 3771] in the interest of justice."

1

Motion at 17. However, there was no crime adjudicated to have been committed against him. Section § 3771 specifically provides that "[a] person accused of the crime may not obtain any form of relief under this chapter." *United States v. West*, 370 Fed. Appx. 505, 507 (5th Cir. 2010) (per curiam) (citing § 3771(d)(1)). Here, no person has been accused, tried, convicted and/or proceeded to appeal and collaterally attack any crime except the Petitioner. His claim is therefore "patently frivolous." *West*, 370 Fed. Appx. at 507. Furthermore, he is abusing the judicial process with this type of groundless motion, which is not even a valid proceeding in a habeas matter. It is accordingly

**ORDERED** that Petitioner's "Motion to Invoke and Effectuate Crime Victim's Rights Pursuant to 18 U.S.C.A. [§] 3771" (docket entry #117) is hereby **DENIED**. It is further

**ORDERED** that the Clerk will accept no further filings from Petitioner in this case unless he has first obtained leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas petition in this Court.

**SIGNED this 31st day of January, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE