IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533080 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv281 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Anthony Ray Dailey filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on June 12, 2007. Following denial of his motion and the subsequent appeal, on October 15, 2010, Petitioner again returned to submit numerous motions of various types to this Court, all aimed at obtaining relief from the Court's original judgment denying his § 2255 motion. Each has been denied. Petitioner now presents a "Motion Requesting Leave of Court to File Supplemental Motion to Rule 60(b) 4, 5, 6, or 60(d)(3) Saving Clause" (docket entry #111). In fact, he is using this vehicle to advance the same claims he has previously raised several times, both pre- and post-judgment, and on appeal, or related claims.

Whether termed as a Rule 60 motion or a "supplemental" filing, Petitioner is attacking the same conviction with the same, or similar, claims as in his original § 2255 application. A Rule 60 motion challenging only a district court's failure to reach the merits of his habeas application, for example, a court's previous ruling on the habeas statute of limitations, is permissible. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (28 U.S.C. § 2254 context). Here, however, Petitioner's habeas claims were fully adjudicated on their merits and his voluminous post-judgment and post-appeal Rule 60 motions are all intended to either re-assert his

1

original claims or some variation of them, or new claims. That is precisely the case with his instant motion to file his "supplemental" motion pursuant to Rule 60. He is either seeking to re-adjudicate claims fully adjudicated on their merits or raise new claims. As such his motion constitutes an attempt to file a successive habeas claim, which requires prior approval by the United States Court of Appeals for the Fifth Circuit. *Id*. at 532; *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010), *reh'g en banc denied*, - - - F.3d - - - -, 2010 WL 5462981 (5th Cir. Dec. 29, 2010). Therefore, his motion will be denied. It is accordingly

**ORDERED** that Petitioner's "Motion Requesting Leave of Court to File Supplemental Motion to Rule 60(b) 4, 5, 6, or 60(d)(3) Saving Clause" (docket entry #111) is hereby **DENIED**.

**SIGNED this 31st day of January, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE