IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533080 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv281 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration, Petitioner Anthony Ray Dailey's "Motion to Compel Agency Action Pursuant to 28 U.S.C. § 2241 [and] Administrative Procedure Act [5 U.S.C. § 706]" (docket entry #127).

He filed his original motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on June 12, 2007. The Court denied the original § 2255 motion on October 15, 2010.

Petitioner again returned to submit numerous motions of various types to this Court, all aimed at obtaining relief from the Court's original judgment denying his § 2255 motion.[1] Each has been denied, including his last such attempt in which he filed a "Motion to Invoke and Effectuate Crime Victim's Rights Pursuant to 18 U.S.C.A. [§] 3771." There, he attempted to cast himself as the victim of a "crime" against him during his criminal investigation and trial based on his allegations of fabricated evidence, perjured testimony and prosecutorial misconduct, among other claims. In denying that most recent attempt, the Court issued an order "that the Clerk will accept no further filings from Petitioner in this case unless he has first obtained leave from the United States

---

[1] In addition to Petitioner's appeal of the original judgment denying his § 2255 motion, he also appealed an order denying reconsideration. The Fifth Circuit has denied relief each time.

Court of Appeals for the Fifth Circuit to file a successive habeas petition in this Court." *See* docket entry #118.

He now seeks similar relief from the criminal judgment against him in the form of this § 2241 habeas petition, which he asserts he may file because the Fifth Circuit does not require pre-approval of successive § 2241 petitions. He seeks an order from this Court finding that he presented sufficient evidence to show that (1) the government "knowingly and intentionally used perjured and fabricated identification testimony to obtain a conviction against the Petitioner"; (2) the government "suborned and coached key government witnesses and victims to pick Petitioner from the illegal lineups and testify falsely and corruptly against him"; and (3) the "U.S. Department of Justice Federal Bureau of Investigation Inspection Division, Office of Professional Responsibility and Civil Rights Division refused Petitioner justice by declining to perform their jurisdictional functions to investigate allegations of serious misconduct by federal officials who persecuted him." Petition at PageID #1102. On those desired findings, he purports to seek an order compelling agency action under the Administrative Procedure Act, presumptively to "perform their jurisdictional functions to investigate" so as to overturn his criminal conviction. In other words, he is once again challenging his conviction and confinement.

However, although Petitioner was convicted in this Court in the Eastern District of Texas, he is confined at the United States Penitentiary Hazelton at Bruceton Mills, Preston County, West Virginia. Preston County is in the Northern District of West Virginia. *See* 28 U.S.C. § 129(a). "The only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district in which the prisoner is confined." *United States v. McPhearson*, 451 Fed. Appx. 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43, 124

S. Ct. 2711, 159 L. Ed. 2d 513 (2004)); *see also Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 183 n.6 (5th Cir. 2005), *cert. denied*, 547 U.S. 1106, 126 S. Ct. 1906, 164 L. Ed. 2d 583 (2006); *Lee v. Wetzel*, 244 F.3d 370, 375 (5th Cir. 2001) ("[E]ven when the petition challenges the validity rather than the execution of his sentence in a petition under section 2241, jurisdiction lies, not in the sentencing court as per section 2255, but in the district court that has jurisdiction over the custodian." (internal citation omitted).). On that basis, Petitioner's § 2241 petition is improperly filed in this district and should have been filed - as its own case - in the Northern District of West Virginia, where he is currently confined.

The § 2241 petition will therefore be dismissed without prejudice in order that Petitioner may file it in the appropriate court if he desires. *Lee*, 244 F.3d at 375.

It is accordingly

**ORDERED** that Petitioner's "Motion to Compel Agency Action Pursuant to 28 U.S.C. § 2241 [and] Administrative Procedure Act [5 U.S.C. § 706]" (docket entry #127) is hereby **DISMISSED** without prejudice. It is further

**ORDERED** that the Clerk will accept no further filings from Petitioner in this case.

**It is SO ORDERED.**

**SIGNED this 8th day of August, 2012.**

*/s/ Michael Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE